```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
                    Civil No. 16-3821(DSD/HB)
```

Z.T., a minor child by and
through his Parents and guardians
R.T. and L.T.,

      Plaintiff,

v.                                                               **ORDER**

Minnesota State High School League,
and Craig Perry,

      Defendants.

      James T. Smith, Esq. and Huffman, Usem, Crawford & Greenberg, PA, 5101 Olson Memorial Hwy., Suite 1000, Golden Valley, MN 55422, counsel for plaintiff.

      Kevin M. Beck, Esq. and Kelly & Lemmons, PA, 223 Little Canada Road East, Suite 200, Saint Paul, MN 55117, counsel for defendants.

This matter is before the court upon the motion for a temporary restraining order (TRO) or preliminary injunction by plaintiff Z.T., by and through his parents R.T. and L.T. The court denied the motion from the bench with this written order to follow.

                                  **BACKGROUND**

This civil-rights dispute arises from the determination by defendants Minnesota State high School League (MSHSL) and MSHSL Associate Director Craig Perry that Z.T. is ineligible to compete in varsity interscholastic hockey competition until January 10, 2017.

Z.T. currently attends Winona High School in Winona, Minnesota. L.T. Aff. ¶ 2. He commenced his ninth-grade year at Winona High School in the fall of 2014. Id. ¶ 3. On January 10, 2015, Z.T. transferred from Winona to the Outdoor Academy, a semester school that combines academics with a focus on the environment. Id. ¶ 4, Ex. A. The Outdoor Academy does not have an athletic program and is not a member of the MSHSL. Id. ¶ 4. Z.T. attended the Outdoor Academy until June 2015 and transferred back to Winona High School in August 2015. Id. ¶ 5.

Under MSHSL bylaws, a transfer student is eligible for participation in varsity competition if (1) "the student was in good standing on the date of withdrawal from the last school the student attended" and (2) one of the provisions under bylaw 111.00 Subsection B is met.[1] Smith Aff. Ex. A at 21. If these conditions are not met, the transfer student is ineligible for a period of one year beginning with the first day of attendance at the new school. Id. at 22. If, during the one-year suspension, the student again transfers to another school and none of the conditions for eligibility are met, the student will serve another one-year suspension immediately following the first suspension. Id.

Pursuant to the bylaws, MSHSL determined that Z.T. was

---

[1] The court will not explain the details of the bylaw because The parties do not dispute that Z.T. met the bylaws' definition of a transfer student or that Z.T.'s two transfers did not meet one of the stated conditions for continued varsity eligibility.

2

ineligible for varsity competition until January 10, 2017. In January 2016, L.T., Z.T.'s father, emailed Perry requesting that MSHSL reconsider Z.T.'s eligibility for varsity competition because Winona did not have enough players to field a junior varsity hockey team. L.T. Aff. Ex. B. L.T. also stated his belief that there was no further appeals process available. Id. Perry responded that MSHSL had correctly determined Z.T.'s eligibility and that he could not grant varsity eligibility. Id.

In the summer of 2016, L.T. learned that he could appeal MSHSL's eligibility determination, and the Winona High School activities director submitted Z.T.'s appeal. Id. ¶¶ 11-12. MSHSL responded by providing a notice of fair hearing to be held on August 31, 2016. Id. ¶ 13. At the hearing, the officer supported MSHSL's determination that Z.T. was ineligible for varsity competition. See Smith Aff. Ex C. Subsequent to the hearing, Z.T., through counsel, made a request to speak to the MSHSL eligibility committee, which was granted. Perry Aff. ¶ 45. After the discussion, the eligibility committee voted unanimously to adopt the hearing officer's recommendation, and the MSHSL board of directors adopted the recommendation on October 6, 2016. Id.

On October 28, Z.T. filed suit in Minnesota district court alleging deprivation of property without due process, breach of contract, and negligent misrepresentation. Defendants timely removed. See ECF No. 1. On November 4, Z.T. filed this motion for

a TRO or preliminary injunction requiring MSHSL to allow him to compete at the varsity level immediately.  See ECF No. 7.  The court denied the motion from the bench.  In so ruling, the court relied on the four factors in Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981).  The court provides further analysis for its decision here.

## DISCUSSION

A TRO or a preliminary injunction is an extraordinary equitable remedy, and the movant bears the burden of establishing its propriety.  Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).  The purpose of such injunctive relief is to "preserve the status quo until the merits [of the case] are determined." Dataphase, 640 F.2d at 113.  In determining whether a TRO or preliminary injunction should issue, the court considers: (1) the threat of irreparable harm to the movant in the absence of relief; (2) the balance between the harm to the movant in the absence of relief and the harm that the relief may cause the non-moving party; (3) the likelihood of the movant's ultimate success on the merits; and (4) the public interest.  Id. at 114.

## A. Likelihood of Success on the Merits

### 1. Violation of Procedural Due Process

Under the Fourteenth Amendment, no state actor[2] may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XVI, § 1. Z.T. argues that he possesses a property interest in interscholastic varsity athletics and that he was deprived of this interest without due process. In order to maintain this claim, Z.T. must show both that he has a protected property interest in varsity athletics and that the defendants deprived him of that interest without adequate process. Krentz v. Robertson Fire Prot. Dist., 228 F.3d 897, 902 (8th Cir. 2000). The court need not decide whether Z.T. has a property interest in varsity competition because Z.T. has not shown, on the current record, that he was not afforded adequate process.

Z.T. argues that he was deprived of procedural due process because he was not given adequate notice that he could appeal MSHSL's eligibility determination. He contends that notice was inadequate because (1) Perry did not correct L.T.'s belief that there was no further appeals process, and (2) the bylaws do not clearly set forth the appeals process. But the fact that either Z.T. or L.T. misunderstood or was not aware of the appeals process is not enough to show that the bylaws or the appeals process are

---

[2] The MSHSL acts under color of state law when enforcing its eligibility rules. Brenden v. Indep. Sch. Dist. 742, 477 F.2d 1292, 1295 (8th Cir. 1973).

constitutionally deficient.  First, Z.T. points to no case law or statute that required Perry to correct L.T.'s misunderstanding of the appeals process.  Second, the bylaws prominently note that a fair hearing procedure is "provided for all students who wish to appeal a school's determination of a student's eligibility."  Smith Aff. Ex. B.  Further, bylaw 300.00 states that the Fair Hearing Procedures apply to "all eligibility situations" unless one of the listed exceptions applies.  Id.  Although the bylaws are not a model of clarity, and L.T. was understandably confused as to the availability of an appeals process, the bylaws are not so vague or complex as to violate due process.  As a result, Z.T. has not shown that he is likely to success on his procedural due process claim.[3]

**2. Violation of Substantive Due Process**

"[A] substantive due process violation takes place when governmental power is exercised arbitrarily and oppressively." Singleton v. Cecil, 176 F.3d 419, 431 (8th Cir. 1999) (en banc) (Arnold, J., dissenting) (citation omitted).  "Whether government action is arbitrary or capricious within the meaning of the Constitution turns on whether it was so egregious and irrational that the action exceeds standards of inadvertence and mere errors of law."  Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th

---

[3]  Z.T. also claims he was denied procedural due process because MSHSL failed to apply the plain meaning of the bylaws. This argument sounds in a substantive due process violation, and the court will address it as such.

Cir. 1990) (citations and internal quotation marks omitted). "The theory of substantive due process is properly reserved for truly egregious and extraordinary cases." Myers v. Scott Cty., 868 F.2d 1017, 1018 (8th Cir. 1989).

Z.T. argues that MSHSL's decision was arbitrary and capricious because it: (1) was not rationally related to the purpose of the transfer eligibility rule; (2) did not apply the plain language of the bylaws; and (3) erroneously relied on the MSHSL's presumption that the transfer was athletic in nature despite evidence to the contrary.

The court agrees that Z.T.'s transfer to the Outdoor Academy is likely not the type of transfer that the eligibility rules were meant to address. But the fact that the bylaws render some students ineligible, even though they transferred for non-athletic reasons, does not mean strict application of the rule is arbitrary or capricious. See In re United States ex rel. Mo. State High Sch. Activities Ass'n, 682 F.2d 147, 152-53 (8th Cir. 1982) (citation and internal quotation marks omitted) ("If the [rule] has some reasonable basis it does not offend the Constitution simply because the [rule] ... in practice results in some inequality. Once a rational relationship exists ... judicial scrutiny must cease."). Although MSHSL's decision seems harsh, the court's role is not to referee how strictly or liberally MSHSL interprets and applies its own rules. See id. at 152 ("Whether the rule is wise or creates

undue individual hardship are policy decisions better left to legislative and administrative bodies."). A seemingly unfair decision is not the type of egregious or irrational behavior that gives rise to a substantive due process claim. Therefore, Z.T. has not shown that he is likely to succeed on his substantive due process claim.

### 3. Breach of Contract

Z.T. also claims that MSHSL breached a contract formed between himself and the league by failing to apply the plain meaning of the bylaws. The court does not believe a contract was formed, but even assuming that such a contract existed, the court is not persuaded, on the current record, that MSHSL violated the terms of the alleged contract. Indeed, the parties do not dispute that, under the terms of the transfer eligibility bylaw, Z.T. was a transfer student who did not meet any of the listed conditions to maintain varsity eligibility. Instead, Z.T.'s complaint appears to be that the board did not grant an exception to the plain application of the bylaws. But there is no evidence to suggest that granting an exception was required by the terms of the alleged contract. Therefore, Z.T. has not shown a likelihood of success on his breach of contract claim.

### 4. Negligent Misrepresentation

"To prevail on a negligent misrepresentation claim, the plaintiff must establish: (1) a duty of care owed by the defendant

to the plaintiff; (2) the defendant supplie[d] false information to the plaintiff; (3) justifiable reliance upon the information by the plaintiff; and (4) failure by the defendant to exercise reasonable care in communicating the information. Williams v. Smith, 820 N.W.2d 807, 815 (Minn. 2012) (citation omitted).

Here, neither Perry nor MSHSL provided false information to Z.T. Perry simply failed to correct L.T.'s misunderstanding of the appeals process, and Z.T. points to no case or statute that requires defendants to correct that misunderstanding. Further, there is little evidence to suggest that defendants failed to act with reasonable care in communicating with L.T. As a result, Z.T has not shown a likelihood of success on this claim. Because Z.T. has failed to show a likelihood of success on any of his claims, this factor weighs against granting injunctive relief.

**B.   Irreparable Harm**

To establish irreparable harm, "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Iowa Utils. Bd. v. F.C.C., 109 F.3d 418, 425 (8th Cir. 1996) (per curiam). Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." Gen. Motors Corp. v. Harry Browns's, LLC, 563 F.3d 312, 319 (8th Cir. 2009).

Z.T. has demonstrated a possibility of irreparable harm

because money damages would not adequately remedy the harm of losing half a season of varsity competition. See W.D., 2012 WL 5985514, at *6 ("[T]he harm of losing a year of varsity eligibility is difficult to quantify and would constitute irreparable harm."). Therefore, this factor weighs in favor of injunctive relief.

**C.   Balance of Harms**

Although Z.T. has established a possibility of irreparable harm in the absence of injunctive relief, the court must balance this harm against defendant's interests in the uniform and predicable application of its own bylaws, which would be harmed by the injunction.  Further, the court notes that Z.T. is able to practice and participate in scrimmages at the varsity level.  As a result, this factor is neutral and does not strongly favor either party.

**D.   Public Interest**

The court agrees with Z.T. that there is an interest in protecting constitutional rights, but Z.T. has failed to show that he is likely to succeed on his constitutional claims.  Moreover, the public is served by the uniform and predicable application of MSHSL's bylaws.  As a result, this factor weighs against granting injunctive relief.

**E. Status Quo**

Finally, Z.T.'s motion, if granted, would disturb the status quo. Dataphase, 640 F.2d at 113 ("At base, the question is whether

the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."). The TRO, if granted, would alter the status quo by requiring MSHSL to allow Z.T. to compete at the varsity level. Therefore, issuing an injunction would be inappropriate under these circumstances.

## CONCLUSION

Accordingly, based on the above and as stated at the hearing, **IT IS HEREBY ORDERED** that plaintiff's motion for a temporary restraining order and/or preliminary injunction [ECF No. 7] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 18, 2016

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court